Ranney v. Childs.

---

No. 19,445.

W. R. RANNEY, *Appellee,* v. B. F. CHILDS, *Appellant.*

SYLLABUS BY THE COURT.

EASEMENT—*Use of Stairway—Contract Runs with the Land.* A contract expressly made binding upon the heirs and assigns of the parties, by which one of two adjoining owners granted the other a right to the use in common of a stairway, held to run with the land.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed November 6, 1915. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*Albert Faulconer, C. Ward Wright,* and *A. M. Dean,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. R. Ranney and B. F. Childs are the owners of adjoining lots upon each of which a two-story building is located. A stairway on Childs' lot gives access to the second floor of each. In 1885 the then owners of the two lots entered into a written contract designated as a lease by which the owner of the Childs lot granted to the owner of the Ranney lot the right to the use of the stairway in common, for a period

of 99 years, in consideration of his bearing certain expenses in connection with its construction. The contract included a clause making its provisions binding upon the heirs, executors, administrators and assigns of the parties. The lease was acknowledged and recorded. Childs acquired title directly from the lessor, and his deed was in terms made "subject to a lease of a right to a stairway." Ranney derived title to his lot through a sheriff's deed based upon a foreclosure of a mortgage given by Ranney. In 1909 Childs procured from Godehard what purported to be an assignment of the lease. In 1911 Childs undertook to board up the door which gave access from the stairway to the second floor of Ranney's building. Ranney brought an action to restrain such action and obtained a judgment, from which Childs appeals.

The defendant asserts a right to obstruct the passage upon two grounds: (1) that the lease was a mere personal covenant, and no rights granted by it have passed to the plaintiff; (2) that the second story of the plaintiff's building was used as a bawdy house. There is a conflict of judicial opinion on the subject, but this court is aligned with those holding that a contract such as that made with respect to the use of the stairway runs with the land. (*Southworth v. Perring*, 71 Kan. 755, 81 Pac. 481.) There was evidence of the maintenance of a bawdy house on the second floor of the Ranney building. A court of equity would naturally refuse its aid to maintain access to a place of that character. But the plaintiff in a supplemental pleading alleged that he had been ignorant of the misconduct of his tenant, and that the premises had been vacated after the commencement of the action; his evidence tended to show that the nuisance no longer existed, and the court by fair inference found to that effect. Therefore neither objection to the judgment is maintainable.

In view of the fact that no error appears in the proceedings of the trial court, it is not necessary to pass upon the merits of a motion to dismiss which has been filed.

The judgment is affirmed.